**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE, FLORIDA**

**BARBARA HAFTERSON and**
**MATTHEW W. HAFTERSON,**
**as personal representatives of the**
**estate of NATHAN NICHOLAS**
**HAFTERSON,**

    **Plaintiffs,**

v.                                                                                       Case No.:3:08-cv-533-J-16MCR

**UNITED STATES OF AMERICA,**

    **Defendant.**
_____/

## ORDER

**BEFORE** the Court is Defendant, the United States' Motion to Dismiss (Dkt. 5, the "Motion"). The United States is a party to this action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and § 2671, *et seq.* (the "FTCA"). Although Plaintiffs, Matthew and Barbara Hafterson (collectively, the "Plaintiffs") oppose the Motion (Dkt. 9, the "Opposition"), they concede that it must be **GRANTED** based on the Supreme Court's holding in Feres v. United States, 340 U.S. 135 (1950) (holding that the FTCA did not waive sovereign immunity for claims brought by servicemen while on active duty). In the Opposition, Plaintiffs claim that Feres was wrongly-decided and should be overturned. Plaintiffs also ask this Court to acknowledge that Feres was wrongly decided and urge that it be overturned in any Order it issues on the Motion. For the reasons that follow, the Motion (Dkt. 5) will be **GRANTED**.

    **I.**    **Background**

In summary, Plaintiffs filed this two-count medical malpractice case as personal representatives of their son Nathan Nicholas Hafterson ("Hafterson"). Hafterson, an active-duty member of the armed services, died at the Naval Hospital Jacksonville (the "Hospital") on March 27, 2006, one day after being admitted.  Upon admission to the Hospital, Hafterson was initially diagnosed with aspiration pneumonia and hypoglycemia. Due to continued breathing difficulties following his admission to the Hospital, Hafterson consented to being intubated, having a breathing tube inserted in his airway, on the advice of the Hospital's doctors.

Following his intubation under anesthesia, Hafterson's condition deteriorated rapidly. Hafterson developed signs and symptoms consistent with malignant hyperthermia - an uncommon and sometimes life-threatening reaction to some anesthetic agents characterized by an extremely high fever, rapid heart rate and severe metabolic acidosis.  The Hospital's attempts to manage Hafterson's malignant hypothermia failed and he died.

**II.     Discussion**

As a preliminary matter, the Court notes that the Motion is at best perfunctory and at worst violates Local Rule 3.01(a).  The Motion essentially consists of a citation to <u>Feres</u> without further discussion or application.

The Court now turns its attention to the appropriate dismissal standard for a <u>Feres</u> motion. In other suits barred by <u>Feres</u>, the grounds cited for dismissal have varied between dismissals under Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction, and Fed. Rule Civ. P. 12(b)(6), for failure to state a claim. The latter dismissal is considered a dismissal on the merits, while the former is jurisdictional.  Defendant filed the Motion under Fed. R. Civ. P. 12(b)(1), citing lack of subject

matter jurisdiction as the basis for dismissal. Based on the Court's research of pertinent case law, Feres motions should be considered under a 12(b)(1) standard for dismissal.

### The Feres Decision and its Impact on the FTCA

The FTCA is a waiver of the federal government's immunity for the torts of its employees under certain circumstances. The FTCA provides that the United States shall be "liable for injury or . . . death caused by the negligent or wrongful act or omission of any employee.r of the Government . . . under circumstances where the United States, if a private person, would be liable to the claimant." 28 U.S.C. § 1346(b). In Feres, the Supreme Court considered the claims of three servicemen for recovery under the FTCA for injuries they sustained while on active duty. The Supreme Court dismissed the servicemen's claims stating that the "Government is not liable under the [FTCA] for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." Feres, 340 U.S. at 146. Initially, the Supreme Court justified its decision in Feres on four specific policy grounds. See USCIVAC § 2:49 (Torts Against Military Personnel; Feres Doctrine), discussing the four grounds.

Today, the rationale for the continued application of Feres has evolved. Id. Regardless of the specific rationale currently underpinning it, Feres operates as a judicially created exception to the waiver of sovereign immunity found in the FTCA and serves as a broad bar to most tort claims arising in the course of a soldier's duties, whether in peacetime or wartime, in combat or on base. See e.g., McMahon v. Presidential Airways, Inc., 502 F.3d 1331 (11th Cir. 2007). For example, courts have often applied the Feres doctrine to bar suits seeking to recover for the alleged malpractice of physicians and surgeons employed by the United States. See e.g., Vallance v. United States, 574 F.2d 1282 (5th Cir. 1978).

3

Courts throughout the United States have made clear that where the conduct complained of falls within one of the exceptions to the FTCA, the district court lacks subject matter jurisdiction and cannot hear the case. A federal district court is under a mandatory duty to dismiss a suit over which it has no jurisdiction and cannot adjudicate the merits of the claim.

Here, Plaintiffs do not dispute that at the time of his death, Hafterson was serving his country as an active-duty member of the United States Navy. Plaintiffs also acknowledge that this Court and the Eleventh Circuit are bound by <u>Feres</u>. Plaintiffs add, however, that "the U.S. Supreme Court is not [bound], and it should overturn <u>Feres</u>. Plaintiffs then set out some of the academic and judicial bases supporting their position that <u>Feres</u> should be overturned. Despite Plaintiffs' well-reasoned opposition to courts continued application of the <u>Feres</u> doctrine, it is clear that this case cannot escape the doctrine's broad reach. Thus, the Court has no jurisdiction to hear this case and Plaintiffs are barred from proceeding.

### III.   Conclusion

For the reasons set forth above, it is **ORDERED** that the Motion (Dkt. 5) is **GRANTED WITH PREJUDICE**. The **CLERK is DIRECTED** to **CLOSE this CASE**.

**DONE and ORDERED** from Chambers in Jacksonville, Florida on this 4th day of November 2008.

_____
JOHN H. MOORE II
United States District Judge

Copies to:  Counsel of Record